No. 753

First Circuit

WRIGHT & ANDERSON ET AL. v. C. J. RICHARD & SON ET AL.

(March 3, 1931. Opinion and Decree.)

Wright & Warner, of Hammond, attorneys for plaintiffs, appellees.

A. W. Spiller, of Hammond, attorney for defendants, appellants.

LeBLANC, J. On the application of several claimants, the district court ordered a concursus and directed the Louisiana Highway Commission to deposit with the clerk of court of Tangipahoa parish, the amount of money retained by it and due the firm of C. J. Richard & Son, with which it had entered into a contract to build a road known as the "Albany-Hammond Cut-Off, State Project #575."

Among the creditors who filed the petition was one Jesse F. Ellzey, who alleges himself to be the assignee of a claim and lien of William W. Hartness who sold and delivered to the contractors goods, wares and merchandise which were used by them in the construction of the road. The amount he claims is $190.74 and the assignment is said to be in writing and duly recorded in the mortgage records of the parish.

In answer to the demands of all the creditors, the contractors appeared and admitted that they owed the respective amounts as claimed by each, with the exception of that of Jesse F. Ellzey. They put this claim at issue by pleading settlement by the signing of a note for the sum of $171.54, in solido, with the assignor of the claim, William W. Hartness, payable to the order of Doherty Hardware Company of Baton Rouge, La., a creditor of Hartness, on which note they aver, judgment has already been recovered against them alone, thus releasing their joint debtor thereon. This issue presented the only one that was contested and tried in this proceeding. The trial resulted in a judgment in favor of the claimant, Ellzey, and the defendants, Richard & Son have appealed.

In his brief, counsel for defendants urges that there was no legal assignment of the claim in contest from Hartness to Ellzey, for want of consideration. That issue does not appear to be presented by the pleadings, but inasmuch as evidence regarding consideration was received without objection, we deem it proper to consider it.

The document itself, which we do not find in the record, is said to recite that the transfer of the claim is made "for a valuable consideration" but the consideration is not expressed therein. The evidence is clear and uncontradicted, however, that Hartness, the assignor, was indebted unto Ellzey, the assignee, in an amount in excess of that of the claim assigned, and further, that the assignment was made and accepted in payment of that indebtedness. That was the consideration, and it appears to us to be wholly sufficient to make the assignment a valid and legal one.

The defense raised by the answer of C. J. Richard & Son, of a settlement of the claim by the signing of a joint note with their creditor, Hartness, on which judgment was recovered against them

alone, thus releasing the principal obligor, is not supported by the evidence in the record.

In the first place, the petition in the suit in which that judgment was obtained, copy of which is found in this record, describes the note sued on as being signed by W. W. Hartness, and indorsed in blank, not by the defendant partnership, but by Lionel J. Richard, individually. Both maker and endorser are sued on the note, and the judgment, copy of which is also filed in this record, is rendered against them both, in solido. Thus it appears that these very material defensive averments are controverted in that judicial proceeding. Furthermore, as we understand the transaction, that note, and the suit on which it is based, did not involve the partnership of C. J. Richard & Son, the present defendants, in any way whatsoever. It was purely an accommodation endorsement of Lionel J. Richard that was placed on that note, and no matter what the liability he believed was being incurred by the endorsement, it did not make of it any obligation of the partnership of C. J. Richard & Son.

The evidence satisfies us also that it was not endorsed by him, nor was it accepted by Hartness, as a payment of the account that was due by the partnership defendant herein.

Such, apparently, was the conclusion reached by the trial judge, and, as there appears to be no manifest error in his judgment in favor of the claimant, Jesse F. Ellzey, it is affirmed.